UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TREASTA BENTON,<br><br>                Plaintiff,<br><br>      v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | 3:14-cv-00411-TC<br><br>FINDINGS AND RECOMMENDATION |

COFFIN, Magistrate Judge:

On March 12, 2014, plaintiff filed a complaint for review of the final decision of the commissioner (ECF No. 1) and an application to proceed in forma pauperis (IFP) (ECF No. 2). The Court granted plaintiff's application to proceed IFP on March 19, 2014 and ordered plaintiff within 30 days to:

    (1)    Prepare an original summons for each defendant and submit it to the Clerk of Court for issuance;

    (2)    Provide the original and three copies of each summons, three copies of the complaint, and three copies of the procedural order issued in this case to the Clerk of Court for service; and

    (3)    Complete the U.S. Marshals Service Form (USM285) for service of process and submit it to the Clerk of Court.

(ECF No. 6). To date, plaintiff has not submitted original summons to the Clerk of Court for issuance nor has proof of service been filed.

On July 3, 2014, the court issued an order to show cause why this action should not be dismissed for failure to serve summons and complaint on defendant and failure to follow a court order. ECF No. 8. A paper copy of the order was mailed on the same date to plaintiff at 915, NE Schuyler, Apt. 607, Portland, OR 97212, the address provided by plaintiff on the complaint. ECF No. 9. On July 15, 2014, the show cause order was returned as undeliverable to the court. ECF No. 10.

Proof of service must be made to the court. FED. R. CIV. P. 4(l). "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). As of September 15, 2014, one-hundred eighty-seven (187) days have elapsed since the complaint was filed and without proof of service having been filed.

Additionally, plaintiff has failed to keep the court informed of her current address. A party not represented by counsel has a "continuing responsibility to notify the Clerk's Office whenever his or her mailing address . . . changes. Local Rule 83-10. When mail from the court to a party cannot be delivered due to the lack of a current address and the failure continues for sixty (60) days, the court may dismiss the action. Local Rule 83-12. The last known address for plaintiff is 915, NE Schuyler, Apt. 607, Portland, OR 97212, which was provided by plaintiff on the complaint. As of September 15, 2014, plaintiff's failure to notify the court of her current address has continued for sixty-two (62) days.

Accordingly, this action should be dismissed for failure to follow a court order, failure to observe the Federal Rules of Civil Procedure and the Local Rules, and failure to prosecute.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

Dated this 15 day of September 2014.

THOMAS M. COFFIN
United States Magistrate Judge